## SHANKS *v.* STATE.*

(Division B.   Nov. 22, 1926.   Suggestion of Error Overruled Jan. 3, 1927.)

[110 So. 666.   No. 25538.]

HOMICIDE. *Conflicting testimony as to whether shooting was accidental held for jury.*

     Conflicting testimony relative to whether shooting of his wife by defendant was accidental *held* to present question for jury.

---

    *Corpus Juris-Cyc. References: Criminal Law, 17CJ, p. 264, n. 89; Homicide, 30CJ, p. 333, n. 45.

APPEAL from circuit court of Leake county.
HON. G. E. WILSON, Judge.

John Shanks was convicted of manslaughter, and he appeals. Affirmed.

*James T. Crawley,* for appellant.

No testimony is offered which will sustain a conviction of either murder or manslaughter. It was incum-

bent upon the state to show that the defendant did un-
lawfully and feloniously kill and murder the deceased,
and that beyond every reasonable doubt and to a moral
certainty. The state did not do this and the defendant
at the close of the state's testimony was entitled to a
peremptory instruction.

*J. A. Lauderdale,* Special Assistant Attorney-General,
for the state.

The defendant in the trial of the cause below contend-
ed that the shooting by him of his wife was an accident;
the theory of the state was that he deliberately shot his
wife and was guilty either of murder or manslaughter.

The two theories went to the jury; were supported by
testimony; and it was the province of the jury to deter-
mine which theory was true; that is, whether the shot
was made deliberately or accidentally. By finding the de-
fendant guilty, the jury has found that the theory of
the state is true.

In the *Patty case,* 126 Miss. 94, cited by counsel for
appellant, the court held that the testimony of the de-
fendant was not contradicted and that there was nothing
for the jury to pass upon. However, in the case at bar
the testimony of the defendant was contradicted in every
material particular.

Argued orally by *Jas. T. Crawley,* for appellant, and
*J. A. Lauderdale,* Assistant Attorney-General, for the
state.

HOLDEN, P. J., delivered the opinion of the court.

John Shanks appeals from a conviction of manslaugh-
ter and a sentence for a term of ten years in the peni-
tentiary.

The appellant shot and killed his wife, and contended
at the trial that the shooting was accidental. The testi-

mony offered by him sustained this theory, but the physical facts and circumstances, as well as the dying declaration of the deceased, tended to show that the shooting was not accidental, but was intentionally done. This conflict in the testimony presented a question of fact for the decision of the jury, and their verdict of guilt is amply supported by the evidence in the case; consequently, we see no reason for a reversal on that ground.

The other reasons urged for reversal by the appellant have been carefully considered by us, and we see no merit in any of them. Therefore the judgment of the lower court is affirmed.

*Affirmed.*